**In re KENDALL FOODS CORPORATION, South Florida Growers Asso., Santana Properties, Inc., Debtors.**

**Bankruptcy Nos. 90–11107–BKC–AJC, 90–11108–BKC–AJC and 90–11109–BKC–AJC.**

United States Bankruptcy Court, S.D. Florida.

Sept. 19, 1990.

Harold Friedman, Miami, for debtor.

## ORDER ON DEBTOR'S MOTION TO REJECT BIDS

A. JAY CRISTOL, Bankruptcy Judge.

This cause came on before the court on August 30, 1990, on the Debtors' Motion to Amend Report of Auction Sales and Motion to Confirm and Reject Bids. Debtors sought to amend their report of the per acre price of the bid of Mauricio Gluck for Parcel # 5, Tract 4, from their reported value of $14,000 per acre to the true bid value of $6,800 per acre, and to reject the bid as grossly inadequate. Debtors also seek to reject bids of $6,640 and $6,000 per acre on other tracts in Parcel # 5 and the successful bid of Francisco Hernandez for Parcel # 1. Mr. Hernandez seeks to withdraw his bid for Parcel # 1.

First the court will deal with Parcel # 1. The bidder seeks to withdraw his bid, and the debtor seeks to reject the bid in anticipation of a better offer. Mr. Hernandez argued that in a judicial sale, the bidder is merely an offeror until the bid is confirmed, *Matter of Burr Mfg. and Supply Co.*, 217 F. 16, 19 (2d Cir.1914), and may withdraw the offer until it is accepted by the court. The court is not convinced by this argument, but can see no efficacy in

forcing an unwilling seller to sell to an unwilling buyer. Mr. Hernandez may withdraw his bid for Parcel # 1.

The analysis of the sale of the tracts in Parcel # 5 is more complex. There are competing interests at stake. On the one hand, there is the integrity of the judicial sales process; on the other, the obligation of the court to provide the maximum benefit to the debtors' estate. It has been held to be "an abuse of discretion for a Bankruptcy Court to refuse to confirm an adequate bid in a properly and fairly conducted sale merely because a slightly higher offer has been received after the bidding is closed." *In re Gil–Bern Industries, Inc.,* 526 F.2d 627, 629 (1st Cir.1975). However, the court may reject a bid that is "grossly inadequate." *In re Muscongus Bay Co.,* 597 F.2d 11 (1st Cir.1977). "Grossly inadequate" is an imprecise term, but authorities indicate that it runs in a range from 10%, MacLachlan, *Bankruptcy* 350 (1956), to 30%, *Durrett v. Washington National Insurance Co.,* 621 F.2d 201, 203 (5th Cir.1980), below fair market value.

 The court may consider offers made subsequent to the close of bidding in determining whether a successful bid is grossly inadequate. *In re F.A. Potts and Co.,* 86 B.R. 853 (Bkrptcy, E.D.Pa.1988). The debtor has in hand subsequent offers on all three tracts of from 11.8% to 35% above the sale bids. This is persuasive evidence that the market value of the land is substantially greater than the amount bid at sale. The question for the court is whether or not this difference rises to the criteria for defining a "grossly inadequate" bid. A difference of thirty-five percent does; eleven point eight (11.8%) is not so clear.

Relying on subsequent offers to define gross inadequacy runs the risk that the court may simply be utilizing higher "lowball" offers generated by the low bid price at sale. In the instant case, the widely disparate subsequent offers for similar neighboring tracts suggest that this may be what is going on here. Even the highest of these subsequent bids, $8,800 per acre, does not equal prior auction sales values in Parcel # 5.

■ In assessing prior auction sales of the twenty-one tracts in Parcel # 5 in which this court has confirmed the sale, the court finds that the average price per acre at auction was $9,689.31. This is a fair figure for the market value of agricultural land sold at auction in this area. Using this figure as a comparison, the three tracts under consideration were bid at 53.7%, 42%, and 39% below fair market value. This is clearly "grossly inadequate."

ACCORDINGLY, IT IS HEREBY ORDERED that the following bids are rejected on the basis of gross inadequacy:

1. The auction bid of Jean–Robert Sindait on Tracts 20 and 22, in Parcel # 5.

2. The auction bid of J.R. Brooks & Son, Inc. on Tracts 6 and 7, in Parcel # 5.

3. The auction bid of Mauricio Gluck on Tract 4, in Parcel # 5.

IT IS FURTHER ORDERED, that the auction bid of Fernando Hernandez on Parcel # 1 is rejected by mutual agreement of the debtor and Mr. Hernandez.

DONE and ORDERED.