# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No.  99-2308

_____

In re: Wintz Companies, d/b/a     *
      Milbank Freightways,          *
                             *
             Debtor.                *
_____       *
                             *
George L. Wintz,              *
                             *
             Appellant,            *
                             *    Appeal from the United States
             v.                     *    Bankruptcy Appellate Panel for the
                             *    Eighth Circuit.
American Freightways, Inc.; Charles    *
W. Ries,                           *
                             *
             Appellees.            *
_____       *
                             *
George L. Wintz,              *
                             *
             Appellant,            *
                             *
             v.                     *
                             *
Stan Koch & Sons Trucking, Inc.;     *
Charles W. Ries,             *
                             *
             Appellees.            *
_____       *
                             *
George L. Wintz,              *

                                                          *

      Appellant,                       *

                                                          *

      v.                               *

                                                          *

Spindrift, Inc.; Charles W. Ries,                         *

                                                          *

      Appellees.                       *

_____                                     *

                                                          *

Wintz Properties, Inc.,                                   *

                                                          *

      Appellant,                       *

                                                          *

      v.                               *

                                                          *

American Freightways, Inc.; Charles                       *

W. Ries,                                                  *

                                                          *

      Appellees.                       *

_____                                     *

                                                          *

Wintz Properties, Inc.,                                   *

                                                          *

      Appellant,                       *

                                                          *

      v.                               *

                                                          *

Stan Koch & Sons Trucking, Inc.;                          *

Charles W. Ries,                                          *

                                                          *

      Appellees.                       *

_____                                     *

                                                          *

Wintz Properties, Inc.,                                   *

                                                          *

      Appellant,                       *

```
                                        *
         v.                             *
                                        *
Spindrift, Inc.; Charles W. Ries,       *
                                        *
         Appellees.                     *
```
_____

Submitted: June 14, 2000
Filed: July 27, 2000
_____

Before MURPHY, HEANEY, and MAGILL, Circuit Judges.
_____

MURPHY, Circuit Judge.

This appeal grows out of a bankruptcy proceeding initiated against Wintz Companies in which the trustee moved to avoid several transfers as fraudulent conveyances and to approve sales of certain estate properties. The bankruptcy court[1] authorized the sales, and the Bankruptcy Appellate Panel[2] affirmed. George Wintz and Wintz Properties appealed, but by the time of oral argument the only remaining controversy on this appeal related to approval of the sale of a property located on Terminal Road in Roseville, Minnesota. We affirm.

In the early 1990s, George Wintz owned a number of companies, including Wintz Properties, Inc., a real estate management company, and Wintz Companies, a

---

[1]The Honorable Gregory F. Kishel, United States Bankruptcy Judge for the District of Minnesota.

[2]The Honorable Frank W. Koger, Chief Bankruptcy Judge, and William A. Hill and Barry S. Schermer, Bankruptcy Judges, for the Bankruptcy Appellate Panel for the United States Court of Appeals for the Eighth Circuit.

trucking company doing business under the name of Milbank Freightways. Wintz Companies held fee interests in two Minnesota properties: a warehouse and nine hole golf course located at 13500 South Robert Trail in Rosemount and a warehouse at 2500 Walnut Street in Roseville. It also had a long term leasehold interest in a truck terminal that served as its primary place of business at 2323 Terminal Road in Roseville. Between 1993 and 1995, Wintz and Wintz Companies borrowed more than $11 million, using the latter's interests in the three properties as collateral. In August 1995, the Internal Revenue Service filed federal tax liens of approximately $3.4 million against Wintz, Wintz Companies, Wintz Properties, and other entities. The liens grew out of tax liabilities of two other Wintz corporations: Wintz Parcel Drivers, Inc., and Wintz Freightways, Inc. Between December 1995 and January 1996, Wintz Companies sold occupancy interests in the three parcels in Rosemount and Roseville to Wintz Properties, which subsequently sold its interest in the Rosemount property to Spindrift, Inc.

An involuntary bankruptcy petition was filed against Wintz Companies in August 1997 under Chapter 7 of the United States Bankruptcy Code. After Charles Ries was appointed trustee for the bankruptcy estate, he moved to set aside as fraudulent conveyances the transfers Wintz Companies had made to Wintz Properties and to recover the property interests for the estate. The bankruptcy court granted partial summary judgment in favor of the trustee, voiding interests claimed by Wintz Properties and Spindrift in the parcels.

At the same time that the trustee was attempting to reclaim the estate interests in these properties, he was soliciting offers for them through a professional real estate agent. The trustee used the same bidding process for each of the properties. Prospective purchasers were given notice of the opportunity to submit written bids on the properties; the trustee then allowed the three highest bidders on each to submit

additional bids. The process also permitted a putative purchaser a 'last look': the purchaser would be able to submit a new bid if there was an objection to the adequacy of the purchase price before the sale closed.

In July 1998 the trustee filed separate motions for judicial approval of the sale of the three property interests. He proposed selling the Terminal Road interest to American Freightways, Inc. for $2.5 million; the Walnut Street interest to Stan Koch & Sons Trucking for $3 million; and the Rosemount interest to Spindrift, Inc. for $6 million. The trustee and American Freightways subsequently modified the terms of sale for the Terminal Road property to account for defaults under the lease and to obtain consent from the lessors to the transfer of the leasehold.[3] The parties also agreed that the trustee would make certain repairs prior to transfer and would escrow funds to remediate any environmental problems that might be revealed by a study to be carried out by American Freightways. The purchase price was reduced to $2.1 million, and the net sale proceeds to the estate amounted to $1.5 million, after deductions for repairs and escrow funds. The notice of sale on the amended sales terms was served on September 4, 1998 on all parties in interest, including the previous high bidders, and a hearing was held on September 17, 1998. No new bids were submitted.

The bankruptcy court granted partial summary judgment to the trustee on September 21, 1998, voiding the interest of Wintz Properties in each of the three real properties. On the same day the court entered orders authorizing sale of the properties.

---

[3]The master lease for the Terminal Road property stated the term of the leasehold in two different ways: as a forty year term and as running from January 1, 1964 to December 31, 2004. The lessors would only consent to transfer for the term ending January 1, 2004.

On October 2, 1998, the Terminal Road leasehold passed to American Freightways when that sale closed.[4] The motion by Wintz and Wintz Properties for a stay pending appeal of the orders authorizing the sales was denied by the bankruptcy court on October 6, 1998.

Wintz and Wintz Properties appealed the bankruptcy court decisions to the Bankruptcy Appellate Panel. The panel issued two decisions. In the one before us on this appeal it affirmed approval of the sales. See In re Wintz Cos., 230 B.R. 840 (8th Cir. BAP 1999). In the other it reversed the grant of summary judgment avoiding the transfers and remanded those issues for further proceedings. See In re Wintz Cos., 230 B.R. 848 (8th Cir. BAP 1999). In respect to the sales, the panel held that the finality rule of 11 U.S.C. § 363(m) (1994) prevented reversal or modification of the authorizations of sale because the appellants had not obtained a stay pending appeal and the sales were to good faith purchasers. Id. at 845. Neither were the sales invalidated by the 'last look' provision in the sales procedures. Id. at 845-46. The panel found that the notice of the amended sales terms for the Terminal Road property was sufficient, that the reduced sales price was not so grossly inadequate as to require the sale to be set aside, and that the appeal was moot because the sale had already closed. Id. at 847-48.

This appeal by Wintz and Wintz Properties now relates only to the sale of the Terminal Road property because the parties have meanwhile settled matters relating to the Rosemount property and mutually agreed to terminate the sale of the Walnut Street property. Appellants argue that the finality rule of 11 U.S.C. § 363(m) does not apply because the sale of the Terminal Road property was contingent upon the avoidance of the interest of Wintz Properties and the partial summary judgment voiding its interest was reversed by the Bankruptcy Appellate Panel. They also ask this court to set aside

---

[4]Although American Freightways is listed as an appellee in the caption for this appeal, it did not submit a brief or appear at oral argument.

the sale and restore the interest of Wintz Properties because the notice of the amended sales terms was inadequate, the sale was tainted by the last look provision, and the amended bid for the property was grossly inadequate. The trustee responds that the finality rule of 11 U.S.C. § 363(m) moots their appeal and that in any event the sales procedure was appropriate and maximized the value of the property. Our standard of review for findings of fact is clear error and for conclusions of law is de novo. See In re Food Barn Stores, Inc., 107 F.3d 558, 562 (8th Cir. 1997).

Contained within 11 U.S.C. § 363 is a rule of finality designed to permit the sale of property in a bankruptcy estate to a good faith purchaser. The rule allows value to be produced for the estate while protecting the rights of purchasers. Under the statute, a "reversal or modification on appeal of [a judicial authorization] of a sale or lease of property does not affect the validity of the sale or lease … to an entity that purchased or leased such property in good faith … unless such authorization and such sale or lease were stayed pending appeal." 11 U.S.C. § 363(m). Appellate courts have interpreted this section to prevent the overturning of a completed sale to a bona fide third party purchaser in the absence of a stay. See, e.g., United States v. Fitzgerald, 109 F.3d 1339, 1342 (8th Cir. 1997). This rule protects the finality of bankruptcy sales and the reasonable expectations of third party purchasers. See Veltman v. Whetzal, 93 F.3d 517, 521 n.4 (8th Cir. 1996). It also reflects the inability of courts to supply a remedy once property has left the bankruptcy estate. See id. ; see also In re Van Iperen, 819 F.2d 189, 191 (8th Cir. 1987) (per curiam) ("Once collateral is taken and converted into cash, no court is able to formulate adequate relief to the debtor."). Claims against the property once sold may be maintained only against the proceeds of the sale. See MacArthur Co. v. Johns-Manville Corp., 837 F.2d 89, 93 (2d Cir. 1988).

In this case, the trustee and American Freightways entered into an agreement for the sale of the Terminal Road leasehold pursuant to an auction procedure. The modified purchase agreement was approved by the bankruptcy court, and the sale was

authorized.  Appellants did not obtain a stay before the property was transferred to American Freightways.  The estate received approximately $1.5 million on closing, and these funds remain within the estate.  Rather than waiting to seek payment from those proceeds should they defeat the fraudulent conveyance claims pending in the bankruptcy court, appellants want to overturn the sale to American Freightways.

Appellants assert that the finality rule should not apply in this case because two provisions in the purchase agreement made the purchase by American Freightways subject to the reinstatement of the interest of Wintz Properties.  They rely principally on In re Cada Investments, Inc., 664 F.2d 1158 (9th Cir. 1981), in which the Ninth Circuit held that a predecessor finality rule did not control where an express term of the purchase agreement provided that the purchase was made "subject to" an asserted interest of a prior unsuccessful bidder.  Id. at 1160.   The provisions of the purchase agreement in our case differ from the one in Cada since they did not subordinate the interest of the purchaser to a third party.  Rather, the agreement vested American Freightways with the option of withdrawing from it if the trustee were unable to deliver the property clear of the interest of Wintz Properties.[5]

_____

[5]This provision provides as follows:

5. Avoidance of Leases:  The Trustee has commenced an adversary action in the U.S. Bankruptcy Court for avoidance of a purported assignment and sublease to Wintz Properties.  In the event the Trustee is unsuccessful in setting aside or transferring the property free of any such interests within 120 days from the date of this Agreement, [American Freightways] shall have the option to proceed under the terms of this Agreement, subject to any existing interests, or may withdraw its offer and receive a refund of its earnest money.

Appellants' App., 409.

Another provision made the obligations of the parties to perform under the agreement contingent on certain occurrences.[6]

These provisions applied to the parties to the agreement and they did not vest any third party, including Wintz Properties, with enforceable rights. The option of American Freightways to withdraw was no longer available after the trustee succeeded in setting aside the interest of Wintz Properties, and the bankruptcy court authorization of sale satisfied one of the contingencies built into the agreement. Although the agreement was also contingent on the expiration of time for appeal from the authorization of sale or the final resolution of such an appeal, the parties closed the sale before either occurred. By carrying out their obligations under the agreement they gave up their right to withhold performance. See Steinhilber v. Prairie Pine Mut. Ins. Co., 533 N.W.2d 92, 93-94 (Minn. Ct. App. 1995). This purchase agreement does not provide appellants an escape from the rule of finality generally applicable to bankruptcy sales.

---

[6]This provision provides:

14. Contingencies. The obligations of Trustee and [American Freightways] are contingent upon the occurrence of the following . . . b) The authorization of the transaction contemplated by this Purchase Agreement by an Order of the United States Bankruptcy Court for the District of Minnesota (St. Paul) for the Trustee to assign the estate's interest pursuant to the United States Bankruptcy Code, which shall be free and clear of interests in such property of Wintz Properties or any entity other than the bankruptcy estate . . . c) The expiration of time in which any party may appeal from such Order referred to . . . above or a final resolution of an appeal from such order by which the sale contemplated by this purchase agreement is approved.

Appellants' App., 411.

Because appellants failed to obtain a stay pending appeal and because the property has been transferred to a bona fide third party purchaser, their attempt to overturn the sale of the Terminal Road property is barred by 11 U.S.C. § 363(m).

Even if 11 U.S.C. § 363(m) were not a bar to appellants, their other arguments do not succeed. They assert that the sale should be set aside because the last look provision tainted the sale, the notice of the amended sales terms was inadequate, and the bid price was so grossly inadequate the bankruptcy court should have reopened bidding. We will take up these points individually but observe at the outset that bankruptcy courts have wide discretion in structuring sales of estate assets. See, e.g., In re Food Barn Stores, Inc., 107 F.3d 558, 565 (8th Cir. 1997). They have "ample latitude to strike a satisfactory balance between the relevant factors of fairness, finality, integrity, and maximization of assets. [They] must be accorded sufficient discretion to decide the truly close cases as best [they] can in view of these competing considerations." Id. at 566 (internal quotation marks and citations omitted).

The sale procedure approved by the bankruptcy court provided for competitive bidding calculated to maximize the value the estate might obtain. Bidders were sought out by a qualified real estate agent, written bids were solicited, and the high bidder selected. The three highest bidders were then given another opportunity to submit new bids. The 'last look' provision applied only after the first two rounds of the auction and only if there were an objection on the grounds of inadequate bid and submission of a higher bid by the objecting party. The inclusion of this provision may well have enhanced the initial bidding, since it gave the high bidder some protection against an eleventh hour attack on its bid, but it was never triggered. Appellants cite one case in support of their attack on the provision, but it is readily distinguishable in that it involved a bankruptcy court setting aside state legislation that significantly hindered the ability of trustees to structure sales. In re Rancourt, 153 B.R. 380, 383 (Bankr. D.N.H. 1993). In this case, by contrast, the bankruptcy court approved a limited last look provision structured by the trustee to maximize the value of estate property.

-10-

Appellants argue that the notice given of the amended sales terms for the Terminal Road property was inadequate under the authorizing statute and in respect to the time given for new bids. The statute states that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). The bankruptcy rules require 20 day notice be given to all parties in interest for any such sale not in the ordinary course of business. See FED. R. BANKR. P. 6004(a) and FED. R. BANKR. P. 2002(a)(2). The initial notice of sale in this case was provided by the July 24, 1998 motion served on all parties in interest. This satisfied the statutory requirement of 20 day notice. The amended motion to authorize sale did not require another 20 day notice period because it concerned the same sale, and the notice given was sufficient to allow new bids to be submitted in light of the changed terms of the sale.

Appellants assert that because the net proceeds to the estate under the terms of the amended purchase agreement were substantially lower than under the original agreement, the amended bid was "grossly inadequate" and the bankruptcy court should have ordered the property remarketed instead of authorizing the sale. A bankruptcy court has an obligation to reopen bidding "where there is a grossly inadequate price or fraud in the conduct of the proceedings[.]" In re Food Barn Stores Inc., 107 F.3d at 565. In this case, however, there is no evidence that the amended bid submitted by American Freightways was grossly inadequate. Both of its bids were subject to scrutiny by prospective purchasers, who declined to submit higher bids. Moreover, the difference in price between its first and second bids is readily explained by the need for the trustee to cure defaults in the leasehold before the lessors of the Terminal Road property would consent to the transfer of the property and by the need to adjust the sale price to reflect the shortened lease term. Cf. In re Kendall Foods Corp., 122 B.R. 792, 793 (Bankr. S.D.Fla. 1990) (substantially larger bid made after close of bidding without any change in conditions of sale supported inference that winning bid was grossly inadequate).

-11-

For these reasons, we affirm the authorization of the sale of the leasehold interest in the Terminal Road property to American Freightways, Inc.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.