# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1025
_____

| | | |
|---|---|---|
| In re: Jon Paulson; Gloria Paulson, | * | |
| | * | |
| Debtors. | * | |
| | * | |
| _____ | * | |
| | * | |
| Jefferson Company; Gerard Zachman, | * | |
| | * | |
| | * | Appeal from the United States |
| Appellants, | * | District Court for the District |
| | * | of Minnesota. |
| v. | * | |
| | * | |
| Mark C. Halverson, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: October 18, 2001

Filed: January 8, 2002
_____

Before MURPHY, BEAM, and BYE, Circuit Judges.
_____

BEAM, Circuit Judge.

Bankruptcy Trustee Mark Halverson ("trustee") brought an adversary proceeding against Jefferson Company ("Appellant"). In such action, the trustee

sought to declare Jefferson Company an invalid trust and to require the conveyance of the debtors' real and personal property from the trust to the bankruptcy estate. The bankruptcy court granted the trustee's motion in this regard and ordered the trust to immediately surrender the property at issue, thereby divesting any right, title, interest and ownership of such property. The United States District Court for the District of Minnesota[1] affirmed the decision of the bankruptcy court on appeal. Jefferson Company now appeals to this court. We find the matter moot and dismiss the appeal.

## I.    BACKGROUND

Jefferson Company is a Minnesota business trust formed by a declaration of trust filed with the Minnesota Secretary of State, and dated April 25, 1983. In October of 1983, the Paulsons transferred three parcels of real estate, currently at issue in this appeal, to Jefferson Company in exchange for certificates of beneficial interest in the trust. In January 1997, Jon and Gloria Paulson filed for bankruptcy relief under Chapter 7 of the Bankruptcy Code. The debtors did not include the assets conveyed to Jefferson Company in their bankruptcy schedules, but instead disclosed their certificates of beneficial interest in the trust. At that time, the Paulsons resided on one of the parcels and made the mortgage payment each month in lieu of a rental payment to the trust.

Rather than invalidating the trust, the bankruptcy court essentially concluded that the conveyance from the Paulsons to Jefferson Company was fraudulent. The court reasoned that the property was always held by the Paulsons, they remained the beneficial owners, and the transfer was created for the specific purpose of shielding the property from legitimate claims by creditors, including the United States and the State of Minnesota. Essentially, the court ruled that the property never left the

---

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

ownership of the Paulsons and therefore became the property of the bankruptcy estate at the time of the filing. The court ordered the trust to surrender the property to the bankruptcy trustee in May 2000 and issued an Order Authorizing Sale of Real Estate Free and Clear of Liens and Encumbrances in September 2001, following the sale of the property.

Appellant asserts that the record before the bankruptcy court was insufficient for the court to conclude on summary judgment that a fraudulent conveyance occurred. Appellant also claims that an allegation of fraud was never pleaded and thus was not an issue properly before the court. The trustee's motion to dismiss this appeal due to mootness is also pending.

## II.  DISCUSSION

We review a bankruptcy court's findings of fact for clear error and conclusions of law de novo. In re Wintz Cos., 219 F.3d 807, 811 (8th Cir. 2000). This court reviews a grant of summary judgment de novo. See, e.g., United States v. Scherping, 187 F.3d 796, 800 (8th Cir. 1999). Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted where the record reveals that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

### A.  Motion to Dismiss

In order for a federal court to have jurisdiction over a case, there must be a live case or controversy at the time the case is decided. U.S. Const. art. III, § 2; United States v. Nelson, 969 F.2d 626, 629 (8th Cir. 1992). In the motion to dismiss currently before this court, the trustee claims that this case is now moot as a result of the authorized sale of the three tracts of real property at issue.

"[F]ederal courts are not empowered to give opinions on moot questions or declare rules of law which cannot affect the matter in issue in the case before it." In re Rodriquez, 258 F.3d 757, 759 (8th Cir. 2001). Further, it is true that "[s]ales in bankruptcy cases are not subject to modification by an appellate court unless the appellant receives a stay pending appeal." Id. Section 363 of the Bankruptcy Code contains a rule of finality designed to permit the sale of property in a bankruptcy estate to a good faith purchaser. Wintz, 219 F.3d at 811. Under the statute, a "reversal or modification on appeal of [a judicial authorization] of a sale or lease of property does not affect the validity of a sale or lease . . . to an entity that purchased or leased such property in good faith . . . unless such authorization and such sale or lease were stayed pending appeal." 11 U.S.C. § 363(m). Appellate courts have interpreted section 363 as preventing the overturning of a completed sale to a bona fide third-party purchaser in the absence of a stay. Wintz, 219 F.3d at 811. "[Section 363] protects the finality of bankruptcy sales and the reasonable expectations of third party purchasers." Id.

In this case, no party applied for a stay pending appeal of the order of the bankruptcy court authorizing the sale. The trustee sold the three parcels of real estate in dispute to third parties. The bankruptcy estate received aggregate proceeds in the amount of $91,867.00. The trustee claims that "[p]er the 'finality rule,' the sales by the Bankruptcy Estate [precludes this circuit] from providing any effectual relief *vis-a-vis* the real estate because the sales are now not subject to modification." This assertion is correct as to the sales of the real estate at issue. Consequently, the good faith third-party purchasers are protected and we may not overturn the sale.

However, in a bankruptcy proceeding, valid claims against sale proceeds may usually be maintained. Wintz, 219 F.3d at 811; MacArthur Co. v. Johns-Manville Corp., 837 F.2d 89, 93 (2d Cir. 1988) (stating that the bankruptcy court has inherent equitable power to sell a debtor's property and transfer third-party interests to the proceeds of the sale). Appellant in this matter is not specifically seeking to overturn

the sale of the real property, but seeks a review and reversal of the bankruptcy court's summary judgment. But see In re Rodriquez, 258 F.3d at 759 (finding the appeal moot because the appellant was challenging the sale of property from the bankruptcy estate where there was no stay pending appeal); Wintz, 219 F.3d at 812 (finding the appeal moot because the appellants failed to obtain a stay pending appeal and thus were barred from attempting to overturn the sale of the property from the bankruptcy estate).

In the final analysis, though, this panel cannot provide relief. If we were to rule in favor of Appellant on the summary judgment issue, Appellant could perhaps seek money damages from the proceeds of the sale received by the bankruptcy estate. See In re Popkin & Stern, 223 F.3d 764, 766 n.2 (8th Cir. 2000) (holding that even if the sale cannot be undone nor property specifically awarded, parties may still receive money damages for their loss). However, obtaining money damages equal to the value of the property at issue does not effectively change either Appellant's or the bankruptcy estate's position.

The debtors as the sole certificate holders of the trust maintain the only beneficial interest in Jefferson Company and they listed this interest in their bankruptcy petition as personal property of the estate. Thus, the value of these certificates of interest is already part of the bankruptcy estate. Although the Declaration of Trust attempts to define the rights and obligations of the certificate holders by using nefarious and nonsensical legalese,[2] the fact is that the value of the

---

[2]Even assuming the legitimacy of this trust, which we find questionable at best, the Paulsons executed quit claim deeds in October of 1983 purporting to transfer three parcels of real property. In exchange, the Paulsons received certificates of beneficial interest in the trust. While the Declaration of Trust states that shares of interest "shall not be personal property," this defies reason. Property is either real property or personal property and the certificates are certainly not real property. The Paulsons recognized them as personal property in their filings with the bankruptcy

debtors' interest in the trust at least equals the value of the real property deeded. To find otherwise would be to elevate form over substance. The certificates of beneficial interest claimed as part of the debtors' bankruptcy petition, then, are worth at least $91,867.00, or the amount received by the bankruptcy estate as a result of the sales of the property.

## III.   CONCLUSION

Whether in the form of real property as assumed by the bankruptcy court or proceeds of the sale of that property, as assumed by this court, the three parcels of property at issue or their value remain in the bankruptcy estate and we have no basis for providing Appellant with a practical remedy. The court cannot grant effective relief and the case is moot. The motion to dismiss is granted.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

court and, if the certificates constitute a valid interest in a valid trust, they are personalty, whatever the trust instrument says.