# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

—————————

Nos. 04-6004/6005 WA

—————————

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Stephen A. Griffin, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Mary McGehee, | * | Appeals from the United States |
| | * | Bankruptcy Court for the |
| Claimant - Appellant, | * | Western District of Arkansas |
| | * | |
| Barbara Griffin, | * | |
| | * | |
| Claimant - Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Stephen A. Griffin, | * | |
| | * | |
| Debtor - Appellee, | * | |
| | * | |
| Richard Cox, | * | |
| | * | |
| Trustee -Appellee. | * | |

—————————

Submitted: April 21, 2004
Filed: June 3, 2004

—————————

Before SCHERMER, FEDERMAN and VENTERS, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

Mary McGehee ("McGehee") appeals the bankruptcy court[1] order denying her Rule 59 motion to amend a sale order. Barbara Griffin ("Griffin") appeals the bankruptcy court order denying her request for stay of the sale order. We have jurisdiction over the appeal of final orders issued by the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons set forth below, we dismiss the appeal as moot.

## ISSUES

The issues on appeal are whether the bankruptcy court abused its discretion in denying the motion to amend its order approving the sale of an asset free and clear of liens and whether the bankruptcy court abused its discretion in denying a motion to stay the effect of the sale order. Each of the orders appealed follows and is related to an order approving the sale by the trustee of property of the estate. The sale has been completed, rendering this appeal moot. Accordingly, we must dismiss the appeal.

## BACKGROUND

On December 23, 2003, the bankruptcy court approved the motion filed by Richard L. Cox, ("Trustee"), Trustee of the Bankruptcy Estate of Stephen A. Griffin ("Debtor"), seeking authority to sell certain real property (the "Lake House"). Objections to the sale motion had been filed by McGehee and Griffin. The court overruled and denied such objections. An order authorizing the sale was entered on

---

[1]The Honorable James G. Mixon, United States Bankruptcy Judge for the Eastern and Western Districts of Arkansas.

the court's docket on December 23, 2003.[2]  On December 29, 2003, Griffin filed a motion to stay the sale of the Lake House and McGehee filed a motion to reconsider the order authorizing the sale.  The court held a hearing on the motion for stay and the motion to reconsider the sale on January 13, 2004.  On January 14, 2004, the court entered its orders denying the motion to stay the sale and denying the motion to reconsider the order authorizing the sale.

On January 14, 2004, the Trustee consummated the sale of the Lake House. On January 16, 2004, the Trustee filed his report of sale with respect to the Lake House.

On January 21, 2004, McGehee filed her notice of appeal of the order denying her motion to reconsider the sale and Griffin filed her notice of appeal of the order denying her motion to stay the sale.

On January 22, 2004, the bankruptcy court entered its order confirming the Trustee's sale of the Lake House.[3]

## STANDARD OF REVIEW

We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo.  Fed. R. Bankr. P. 8013; *Official Comm. of Unsecured Creditors v. Trism, Inc. (In re Trism, Inc.)*, 328 F.3d 1003, 1006 (8th Cir. 2003);

---

[2] A second order granting the motion to sell the Lake House was entered on December 30, 2003.  The December 30 order was later vacated on January 5, 2004.  The December 23 order is the order which authorized the sale of the Lake House.

[3] The Order being simultaneously entered in Case Number 03-6069 sets forth the history of the case and the disputes among the parties in greater detail.

*Jefferson Co. v. Halverson (In re Paulson)*, 276 F.3d 389, 391 (8th Cir. 2001); *Wintz v. Am. Freightways, Inc. (In re Wintz Cos.)*, 219 F.3d 807, 811 (8th Cir. 2000).

DISCUSSION

Section 363 of the Bankruptcy Code authorizes a trustee to sell property of the estate. 11 U.S.C. § 363(b). Section 363(m) specifically protects the finality of a bankruptcy sale from reversal on appeal absent a stay. 11 U.S.C. § 363(m). In the instant case, the Trustee completed the sale of the Lake House in January, 2004. No stay of the sale order was in effect at the time the sale was consummated. Furthermore, no evidence was presented nor has either appellant even raised an argument that the sale was not in good faith. The sale of the Lake House cannot be reversed on appeal. 11 U.S.C. § 363(m); *Trism*, 328 F.3d at 1006-07; *Paulson*, 276 F.3d at 391-92; *Nieters v. Sevcik (In re Rodriquez)*, 258 F.3d 757, 759 (8th Cirl. 2001); *Wintz*, 219 F.3d at 811.

Here the sale order is not directly on appeal. However, the two orders which are the subject of this appeal–the order denying the motion to reconsider the sale order and the order denying the motion to stay the sale–are directly related to the sale. The reversal of either order on appeal could not provide any effective relief. *Paulson*, 276 F.3d at 392. The sale order can no longer be reconsidered because the sale has been consummated and cannot be reversed on appeal. Therefore a reconsideration would be meaningless. Likewise, the sale cannot be stayed after it has been completed. The appeal of any order the reversal of which would affect the validity of the sale is mooted by the completion of the sale. *Trism*, 328 F.3d at 1006-07. This appeal must therefore be dismissed as moot.

## CONCLUSION

The consummation of the sale of the Lake House renders moot the appeals of the orders denying the motion to reconsider the sale order and denying the motion to stay the sale. Accordingly, we DISMISS this appeal as MOOT.

_____