# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1176

_____

In re: Coyita Voncile Thomas,     *

          Debtor.     *

_____     *

Coyita Voncile Thomas,     *

          Appellant,     *     Appeal from the United States
    *     Bankruptcy Appellate Panel for
       v.     *     the United States Court of
    *     Appeals for the Eighth Circuit.
Money Mart Financial Services, Inc.,     *

          Appellee.     *

_____

Submitted: October 10, 2005
Filed: November 4, 2005

_____

Before LOKEN, Chief Judge, GRUENDER, and BENTON, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Coyita Voncile Thomas ("Thomas"), the debtor, filed an adversary proceeding against Money Mart Financial Services, Inc. ("Money Mart"), alleging that Money Mart violated the automatic stay by presenting postpetition four checks that Thomas

had written prepetition. After a trial, the United States Bankruptcy Court[1] found that: (a) Money Mart had not violated the stay; and (b) the payment on the checks constituted an avoidable postpetition transfer of property of the estate. The bankruptcy court ordered that the transferred amount of $308 be returned to the estate. The United States Bankruptcy Appellate Panel for the United States Court of Appeals for the Eighth Circuit ("BAP")[2] affirmed. For the reasons set forth below, we also affirm.

## I.    Background

On November 15, 2003, Thomas obtained four payday loans from Money Mart. Each loan was in the amount of $50. For each loan, Thomas wrote a separate check for $77, postdated to December 15, 2003. On November 18, 2003, Thomas filed for Chapter 7 bankruptcy relief. On December 17, 2003, Money Mart presented the four checks for payment to Thomas's bank. The bank honored the checks. On January 14, 2004,Thomas commenced an adversary proceeding against Money Mart for violation of the automatic stay. The bankruptcy court held that Money Mart was entitled to enforce the checks under state law and that the act of presentment was excepted from the stay pursuant to § 362(b)(11) of Title 11 of the United States Code (the "Bankruptcy Code"). On appeal, Thomas argues that the bankruptcy court erred in concluding that Money Mart had the right to enforce the checks under Missouri law and thus erred in concluding that the checks were effectively "presented" for purposes of the exception to the stay under § 362(b)(11).

---

[1]The Honorable Dennis R. Dow, United States Bankruptcy Judge for the Western District of Missouri.

[2]The Honorable Robert J. Kressel, Chief Judge, and the Honorable Timothy J. Mahoney and the Honorable Barry S. Schermer, Bankruptcy Judges.

## II.    Discussion

We review the bankruptcy court's conclusions of law de novo and findings of fact for clear error. *Jefferson Co. v. Halverson (In re Paulson)*, 276 F.3d 389, 391 (8th Cir. 2002).

The Bankruptcy Code provides that a petition for bankruptcy relief operates as an automatic stay of most types of actions to collect or otherwise enforce a prepetition debt. 11 U.S.C. § 362(a). If a prepetition creditor acts in violation of the stay in the case of an individual debtor, the debtor is entitled to recover actual damages and, in appropriate circumstances, punitive damages. 11 U.S.C. § 362(h) (2004). However, the Bankruptcy Code also provides certain exceptions to the stay, including for "the presentment of a negotiable instrument and the giving of notice of and protesting dishonor of such an instrument." 11 U.S.C. § 362(b)(11).

Money Mart asserts that its presentment of the checks is excepted from the stay pursuant to § 362(b)(11). Thomas, however, contends that Money Mart's actions do not constitute effective "presentment." She maintains that Money Mart had no right to present the checks because she had a defense to enforcement of the checks under state law. Thus, she argues, as the right to enforce by presentment is a matter of state law, § 362(b)(11) cannot be used to shelter Money Mart's actions.[3] Accordingly, the

---

[3]Thomas also argues that Money Mart cannot avail itself of § 362(b)(11) because the exception requires that the holder of the negotiable instrument take all three actions listed in the subsection: (1) present the instrument; (2) give notice of its dishonor; and (3) protest the dishonor. According to Thomas, the conjunction "and" makes all three actions mandatory. There is no merit to this construction of the statute. The three actions are merely listed in the order in which they would occur. The statute reflects that an instrument holder is not limited to presenting the check, but also may advise the debtor of its dishonor and of the holder's position regarding that dishonor, without violating the stay.

issue here does not involve interpreting § 362(b)(11). Rather, we are called upon to interpret the state statute creating the right to enforce a negotiable instrument by presentment and the defense to enforcement due to the bankruptcy discharge of the obligor.

Thomas claims that she has a complete defense to enforcement because Missouri law provides that a negotiable instrument is unenforceable against an obligor with the defense of discharge in insolvency proceedings. Mo. Rev. Stat. § 400.3-305(a)(1)(iv).[4] Thomas asserts that as a Chapter 7 debtor, she may assert the defense of discharge even though at the time of presentment she had not received her discharge. To support her interpretation of the statute, Thomas relies on *Hines v. Gordon (In re Hines)*, 198 B.R. 769 (9th Cir. BAP 1996), *rev'd on other grounds*, 147 F.3d 1185 (9th Cir. 1998). In *Hines*, the Ninth Circuit BAP applied an almost identical California statute and summarily concluded that a creditor was not entitled under state law to enforce an instrument against an obligor in bankruptcy, even though the bankruptcy court had not yet ordered the discharge of the obligor. *Id.* at 772.[5]

We disagree with *Hines*. A plain reading of the Missouri statute shows that it, like the California statute, requires the obligor to have received the discharge–not merely to have the possibility of receiving a discharge in the future. Discharge is a specific occurrence in a bankruptcy case, effected by court order, and is not guaranteed merely by the filing of a petition for relief. For instance, discharge is not granted when the debtor fails to meet the statutory requirements for discharge under Bankruptcy Code § 727(a), or when the case is dismissed under Bankruptcy Code §

---

[4]Thomas concedes that the four checks are negotiable instruments under Missouri law.

[5]The California statute provides that "the right to enforce the obligation of a party to pay an instrument is subject to . . . [a] defense of the obligor based on . . . discharge of the obligor in insolvency proceedings." Cal. Com. Code § 3305(a).

707. *Hines*, however, ignores this important distinction and effectively expands "discharge" to include "potential discharge," allowing the obligor to benefit from a discharge it has not yet earned. Moreover, it interprets the state statute not to complement federal bankruptcy law, *see, e.g.,* 11 U.S.C. § 524(a) (providing that discharge permanently enjoins the collection or enforcement of a prepetition debt), but to undermine it. The practical effect of *Hines* is to render meaningless § 362(b)(11) in any state with this common statutory language.

*Hines* stands in contrast to the decisions in *Roete v. Smith (In re Roete)*, 936 F.2d 963, 966 (7th Cir. 1991) (applying Indiana law and holding that "[t]hese well-settled principles point to the undeniable conclusion that [the check] is a 'negotiable instrument' which the [creditors] 'presented' when they attempted to cash it. Even [the debtor] does not dispute this common sense conclusion") and *Franklin v. Kwik Cash of Martin (In re Franklin)*, 254 B.R. 718, 720 (Bankr. W.D. Tenn. 2000) (applying Tennessee law and holding that "[i]t is also clear that Kwik Cash did not violate the § 362 automatic stay when it presented [the debtor's] check to First Citizens"). Although both Indiana and Tennessee had statutes providing the defense to enforcement of a negotiable instrument when the obligor was discharged in insolvency proceedings,[6] neither court even addressed the possibility that the term "discharge" could be so broadly read to include "future, potential discharge." Presumably, this is because a straight-forward reading of the statutes and the fact that the debtor has not been discharged until the bankruptcy court orders discharge make such a discussion unnecessary.

---

[6]Ind. Code Ann. § 26-1-3-305 (repealed 1994) (currently enacted as Ind. Code Ann. § 26-1-3.1-305) and Tenn. Code Ann. § 47-3-305.

Accordingly, because Missouri Revised Statute § 400.3-305(a)(1)(iv) provides a defense to enforcement of a negotiable instrument only after the obligor has received its discharge and Thomas had not received her discharge at the time Money Mart presented her checks, Money Mart was not prohibited by Missouri law from enforcing the debt. Further, because the Bankruptcy Code provides an exception to the stay for presentment of negotiable instruments, Money Mart did not violate the stay.

## III.    Conclusion

The bankruptcy court did not err in determining that Money Mart did not violate the stay by presenting Thomas's checks postpetition. Accordingly, the bankruptcy court's order is affirmed.

_____