999 F.2d 346
 In re Randall ROLLER; Debora R. Roller, Debtors.
Randall ROLLER; Debora R. Roller, also known as Deborah R.
Williams, Appellants,
v.
WORTHEN NATIONAL BANK OF NORTHWEST ARKANSAS, Appellee.
 No. 92-3601.
 United States Court of Appeals,
Eighth Circuit.
 Submitted July 9, 1993.
Decided July 16, 1993.
 
 Donald E. Wilson, Fayetteville, AK, argued (Donald E. Wilson and E. Lamar Pettus, Fayetteville, AK, on the brief), for appellants.
 Judy Simmons Henry, Little Rock, AK, argued (Isaac A. Scott, Jr., Judy Simmons Henry and R. Gregory Aclin, on the brief), for appellee.
 Before McMILLIAN, WOLLMAN and LOKEN, Circuit Judges.
 McMILLIAN, Circuit Judge.
 
 
 1
 Randall L. and Debora R. Roller appeal from the final judgment entered in the District Court[1] for the Western District of Arkansas dismissing as moot their appeal from the bankruptcy court's[2] order reinstating their Chapter 12 bankruptcy petition. For reversal, the Rollers argue their adversary action against Worthen National Bank of Northwest Arkansas (Worthen) is still pending and they might recover additional assets from the suit. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 The Rollers filed a voluntary Chapter 12 petition in February 1992. They later attempted to dismiss their Chapter 12 petition. The bankruptcy court initially granted dismissal, but then reinstated the petition on Worthen's motion. The Rollers appealed the reinstatement of the Chapter 12 petition. The bankruptcy court refused to grant a stay pending appeal. While the appeal was pending, the bankruptcy court converted the case from Chapter 12 to Chapter 7, and the Chapter 7 trustee distributed the Rollers' assets among creditors. Subsequently, upon Worthen's motion, the district court dismissed as moot the appeal from the reinstatement of the Chapter 12 petition. The Rollers appealed.
 
 
 3
 We hold the district court properly dismissed as moot the Rollers' appeal. See In re Graven, 936 F.2d 378, 382 (8th Cir.1991) (standard of review). The status of the adversary action does not affect whether the appeal from the reinstatement of the Chapter 12 petition was moot. Reversal of the reinstatement of the Chapter 12 petition was no longer practicable. The Chapter 12 petition had been converted to a Chapter 7 proceeding; the Rollers did not obtain a stay of the Chapter 7 conversion, the appointment of a trustee, or any liquidation sales; and all of the Rollers' other assets had been liquidated. See In re Van Iperen, 819 F.2d 189, 191 (8th Cir.1987) (per curiam) ("Once collateral is taken and converted into cash, no court is able to formulate adequate relief to the debtor."); see also In re Information Dialogues, Inc., 662 F.2d 475, 476 (8th Cir.1981) (per curiam) (mootness concern arises when it may be impossible for court to grant effective relief because disputed assets have been transferred pursuant to reorganization plan).
 
 
 4
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas
 
 
 [2]
 The Honorable Robert F. Fussell, United States Bankruptcy Judge for the Western District of Arkansas