United States Court of Appeals

FOR THE EIGHTH CIRCUIT

_____

No. 96-1697
_____

United States of America,            *
                                      *
          Plaintiff/Appellee,         *
                                      *
     v.                               *
                                      *
Gerald L. Fitzgerald;                 *
Geraldine K. Fitzgerald;              *
Theodore J. Fitzgerald;               *
                                      *
          Defendants/Appellants,*      Appeal from the United States
                                      * District Court for the
State Bank of Alcester; Salberg *      District of South Dakota.
Excavating & Supply; Sioux            *
International; Farmers Coop            *
Elevator; Siouxland Implement         *
Company; South Dakota Department*
of Agriculture; Union County,         *
South Dakota, a political             *
subdivision of South Dakota;          *
Stewart & Gerry; Boyer Ready          *
Mix; Ben Hur Ford, Inc;               *
Robert E. Locke, Executor;            *
Valley Exchange Bank; Thomas L.       *
Mau; Hauge Associates, Inc.;          *
Sweeney Oil Company; Sweeney          *
I-29 Station; L & L Motor             *
Supply;                               *
                                      *
          Defendants.                 *
                           _____

          Submitted: February 11, 1997

             Filed: April 7, 1997
                           _____

Before MAGILL, BEAM, and LOKEN, Circuit Judges.
                           _____

BEAM, Circuit Judge.

Gerald, Geraldine, and Theodore Fitzgerald appeal from various orders entered by the district court[1] in foreclosure proceedings brought by the United States after the Fitzgeralds defaulted on Farmers Home Administration (FmHA) loans.  We affirm.

## I.    BACKGROUND

In 1968, Gerald and Geraldine Fitzgerald ("the Fitzgeralds") entered into a contract for deed with Gerald's mother, Theressa Fitzgerald, for a parcel of farmland Theressa owned in Union County, South Dakota.  Although the contract for deed required Gerald and Geraldine to make yearly payments of $1,000, they made no payments after March of 1980.  In 1985, Theressa quitclaimed her interest in the land to the Fitzgeralds's son, Theodore, who at that time was thirteen years old.

Between 1978 and 1982, the Fitzgeralds obtained a number of loans from FmHA,[2] secured by mortgages on the property.  They later defaulted on the loans, and the government commenced foreclosure proceedings in November of 1992.  The government named Theodore as an additional defendant, asserting that his vendor's lien arising by virtue of the contract for deed was inferior to the government's claim against the property.  The government also claimed a superior interest to the Fitzgeralds's other creditors, and named those

---

[1]The Honorable John B. Jones, United States District Judge for the District of South Dakota.

[2]The FmHA was renamed the Farm Services Administration in 1994.  7 U.S.C. § 6932 (1994).

parties as defendants as well.  The government moved for summary judgment on all issues except the value of Theodore's lien.

Shortly thereafter, the Fitzgeralds filed for Chapter 12 bankruptcy, and the district court stayed the foreclosure proceedings.  In June of 1995, the Chapter 12 case was dismissed and the district court vacated the stay.  The Fitzgeralds and Theodore then filed briefs opposing summary judgment.  The Fitzgeralds argued that they were entitled to a right of redemption under South Dakota law, and that this right had to be given effect in FmHA foreclosure proceedings.  Theodore moved for summary judgment on the issue of the superiority and value of his interest.  The government then moved for summary judgment on the valuation issue as well.

On October 20, 1995, the district court issued an order and entered judgment on the motions, determining that: (1) the Fitzgeralds were not entitled to a right of redemption; (2) Theodore's vendor's lien was superior to the government's interest and would be satisfied from the proceeds of the foreclosure sale; (3) the contract for deed had a remaining balance of $52,209.48 and Theodore was entitled to accrue interest at an annual rate of five percent until the balance was paid; and (4) the FmHA mortgages were superior to all other potential claims, except Theodore's, and any claims against the property by the remaining defendants were foreclosed.

The court entered an amended Decree of Sale on November 27, 1995, and the United States marshal filed a Notice of Sale on January 5, 1996.  Theodore moved to amend the Notice of Sale, which the district court denied.  At the foreclosure sale on January 25, 1996, a third party purchased the land for $108,931.82.  Theodore then moved to set aside the sale and refused to convey a deed.  On

February 13, 1996, the district court denied Theodore's motion and issued an order, pursuant to Rule 70 of the Federal Rules of Civil Procedure, divesting Theodore of title and directing the marshal to convey a marshal's deed to the purchasers.  Theodore's share of the sale proceeds, $53,045.94, was delivered to the Clerk of Court, where it apparently remained unclaimed at the time this appeal was argued.

The Appellants raise five issues on appeal.  The Fitzgeralds assert that the district court lacked jurisdiction because the government failed to show that it had complied with what they claim are state law based mediation requirements and federal loan preservation requirements.  The Fitzgeralds also claim that the district court erred in concluding that they were not entitled to state law redemption rights.[3]  Theodore asserts that the district court should have set aside the foreclosure sale because the Notice of Sale was defective.  Theodore further argues that the district court incorrectly determined the value of his claim against the property and lacked authority to divest him of title under Rule 70.

## II.  DISCUSSION

We must first consider whether this appeal is timely.  A party must file a Notice of Appeal with the district court within thirty days of the order or judgment from which the appeal is taken.  Fed. R. App. P. 4.  Timely filing is not merely a procedural requirement, but "is mandatory and jurisdictional."  <u>Bartunek v. Bubak</u>, 941 F.2d 726, 728 (8th Cir. 1991).  The government argues that we have no jurisdiction on appeal because the district court

---

[3]Redemption is "the right to repay the amount paid for real property or any interest thereon, sold on foreclosure of a real estate mortgage. . . ."  S.D. Codified Laws § 21-52-1 (Michie 1987).

entered judgment on the parties' summary judgment motions on October 20, 1995, but Appellants did not file their Notice of Appeal until March 11, 1996.

We agree that with respect to those issues determined on summary judgment, Appellants failed to timely appeal. Gerald and Geraldine Fitzgerald's asserted right of redemption was considered and specifically rejected by the district court in its summary judgment order. The district court also implicitly rejected the Fitzgeralds's purported right to mediation and loan preservation services, insofar as it exercised jurisdiction and entered judgment for the government.[4] Likewise, the value and superiority of Theodore's interest was before the district court on summary judgment, and the court fully resolved that question in its order. Appellants never challenged these conclusions in any way prior to this appeal. The October summary judgment order was the final order with respect to these issues, and the Notice of Appeal was therefore untimely and we lack jurisdiction.[5]

---

[4]The Fitzgeralds argue that we can nonetheless examine the merits of this issue because they claim that prior mediation and loan servicing are jurisdictional requirements for FmHA foreclosure proceedings. Their position does not excuse their failure to take a timely appeal. An appeal of a district court's exercise of jurisdiction must still satisfy the requirements for appellate jurisdiction.

[5]We note that Rule 54(b) of the Federal Rules of Civil Procedure would not have prevented review of the district court's summary judgment order. That order fully disposed of all issues and determined the rights and claims of all parties to the action, including Theodore and the other potential lienholders. The district court determined the value of Theodore's interest, found that it was a superior interest, and concluded that the property would be foreclosed subject to that interest. The district court further found that the interests of the other named defendants were inferior to the government's claims, and foreclosed those interests. Because there were no issues remaining for litigation, the summary judgment order was a final order "adjudicating all the

-5-

Furthermore, these questions (except possibly Theodore's claim that his interest was improperly valued) are moot. Once foreclosed property is sold to a bona fide third-party purchaser, a court generally lacks the power to craft an adequate remedy for the debtor. <u>Roller v. Worthen Nat'l Bank</u> (<u>In re Roller</u>), 999 F.2d 346, 347 (8th Cir. 1993); <u>Van Iperen v. Prod. Credit Ass'n</u>, 819 F.2d 189, 191 (8th Cir. 1987) (per curiam). Therefore, a debtor who fails to obtain a stay of the sale has no remedy on appeal and the appeal is moot. <u>Van Iperen</u>, 819 F.2d at 191. The Appellants in this case not only failed to obtain a stay following summary judgment, but indeed waited until after two decrees of sale, the notice of sale, the actual sale, and the order confirming sale before they even moved for a stay.

Theodore also appeals from the district court's denial of his motion to set aside the sale and from the court's Rule 70 order divesting him of title. The district court entered these orders, respectively, on February 13 and February 14, 1996. Theodore's appeal from these orders is timely, but without merit.

The first of these issues is moot. Theodore argues that the Notice of Sale was defective in that it failed to clearly indicate that the property would be sold subject to his senior interest. As in the proceedings below, Theodore asks us on appeal to set aside the foreclosure sale. However, the property is now in the hands of good faith purchasers who relied upon the sale, and we cannot undo that purchase. <u>Van Iperen</u>, 819 F.2d at 191.

After the foreclosure sale, Theodore refused to deliver the deed after he was tendered payment under terms of the contract for

_____

claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b).

deed.  The district court entered an order pursuant to Rule 70 divesting Theodore of title and vesting title in the United States marshal.[6]  On direction of the court, the marshal then conveyed a deed to the third-party purchasers.  Theodore argues that the district court lacked authority to divest his interest under Rule 70.

This issue, too, may be moot, as it is difficult to see what effective relief could be granted by reversing the district court. At any rate, Theodore's position is groundless.  In his motion for summary judgment on the value of his vendor's lien, Theodore clearly elected that his interest in the property be paid from the proceeds of the foreclosure sale.  The district court's summary judgment order determined that value, directed the sale, and provided that Theodore's interest would be cashed out.  The district court did not abuse its discretion in divesting Theodore of title after his refusal to convey a deed upon tender of full payment.  See Gates v. Collier, 616 F.2d 1268, 1271 (5th Cir. 1980) (Rule 70 orders reviewed for abuse of discretion).

---

[6]Rule 70 provides in relevant part:

> If a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents or to perform any other specific act and the party fails to comply within the time specified, the court . . . may enter a judgment divesting the title of any party and vesting it in others and such judgment has the effect of a conveyance executed in due form of law.

Fed. R. Civ. P. 70.

## III. CONCLUSION

For these reasons, we affirm the district court in all respects.

A true copy.

      Attest:

          CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.