# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4467

_____

In re: Samuel Smith, Sr.,          *
                                    *
           Debtor,                  *
                                    *
_____     *
                                    *
Ross H. Briggs,                     *   Appeal from the United States
                                    *   Bankruptcy Appellate Panel
           Appellant,               *   for the Eighth Circuit.
                                    *
       v.                           *   [UNPUBLISHED]
                                    *
John V. LaBarge, Jr.,               *
                                    *
           Appellee.                *

_____

Submitted: December 7, 2006
Filed: December 14, 2006

_____

Before SMITH, MAGILL and BENTON, Circuit Judges.

_____

PER CURIAM.

In this Chapter 13 bankruptcy matter, the debtor's attorney, Ross Briggs, appeals from an order of the Bankruptcy Appellate Panel (BAP) dismissing as moot his appeal from the bankruptcy court's[1] order denying him attorney's fees. For

_____

[1]The Honorable Barry S. Schermer, Chief Judge, United States Bankruptcy Court for the Eastern District of Missouri.

reversal, Briggs argues, inter alia, that the BAP erroneously dismissed his initial appeal as moot where it was still possible to order the debtor to pay the disputed attorney's fees and where the issue was "capable of repetition yet evading review."

The BAP dismissed Briggs's initial appeal upon the trustee's motion after the debtor had fulfilled his obligations under the plan; the trustee had, pursuant to a bankruptcy court order, returned all the excess funds in the estate to the debtor; the bankruptcy court had discharged the debtor; and Briggs had not sought or obtained a stay of any of the relevant orders. We conclude that, because reversal of the bankruptcy court's denial of attorney's fees would have been inequitable and impracticable at that time, the BAP did not err in dismissing Briggs's appeal as moot. *See In re Little*, 253 B.R. 427, 430 (B.A.P. 8th Cir. 2000) ("[I]n bankruptcy proceedings, the mootness doctrine . . . involves equitable considerations. Thus, although effective relief may conceivably be fashioned, if implementation of that relief would be inequitable, the appeal may be determined to be moot."); *cf. In re Roller*, 999 F.2d 346, 347 (8th Cir. 1993) (where debtors were appealing conversion order but had failed to obtain stay of conversion order or of subsequent trustee appointment or liquidation of assets under new plan, reversal of conversion order was no longer practicable and district court properly dismissed appeal as moot). Moreover, the exception to the mootness doctrine for cases "capable of repetition yet evading review" did not apply. *See Iowa Prot. & Advocacy Servs. v. Tanager, Inc.*, 427 F.3d 541, 544 (8th Cir. 2005) (where prompt application for stay pending appeal could have preserved issue for appeal, issue was not one that evaded review (cited case omitted)). We therefore affirm the BAP's dismissal order.

_____