# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2233

_____

In re: James McGregory                  *
                                         *
Ross H. Briggs,                          *
                                         *
            Appellant,                   *
                                         *    Appeal from the United States
      v.                                 *    Bankruptcy Appellate Panel.
                                         *
John V. LaBarge, Jr.,                    *        [UNPUBLISHED]
                                         *
            Appellee.                    *

_____

Submitted: March 12, 2007
Filed: March 27, 2007

_____

Before MELLOY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Attorney Ross H. Briggs appeals a Bankruptcy Appellate Panel ("BAP") decision affirming an order from the United States Bankruptcy Court for the Eastern District of Missouri.[1] In the order, the court sanctioned Briggs by ordering him to disgorge fees he received for services as bankruptcy counsel for Chapter 13 debtor James McGregory. The court found Briggs had labored under a conflict of interest

_____

[1]The Honorable Barry S. Schermer, United States Bankruptcy Judge for the Eastern District of Missouri.

when he served as counsel to McGregory while also serving as a mortgage consultant for a lender and earning compensation from the lender by assisting in the refinancing of a mortgage on McGregory's home. United States Bankruptcy Trustee John V. LaBarge, Jr., moves for dismissal of Briggs's appeal as moot. We grant the motion to dismiss.

Briggs did not move for a stay of any proceedings in the bankruptcy court during his BAP appeal or the present appeal. As a result, after the court entered the sanction order, McGregory proceeded to complete performance under his Chapter 13 plan, and the trustee paid all allowed claims and refunded excess funds to McGregory. Briggs had received a $1700 fee for his legal services earlier in McGregory's Chapter 13 proceedings. Apparently, Briggs returned this fee to the trustee, as ordered, before the trustee disbursed the estate. In the motion to dismiss Briggs's appeal as moot, the trustee argues, "This Court could not fashion effective relief in favor of Appellant Briggs because there are no funds available with which to pay back his attorney fees and no funds will become available because the chapter 13 plan has completed and the Debtor has received a discharge." Briggs does not contest the trustee's characterization of facts or events that occurred subsequent to the time the bankruptcy court issued the sanction order.

In a recent case involving Briggs, the same trustee, and another of Briggs's bankruptcy clients, the same factual scenario arose. The bankruptcy court had sanctioned Briggs, Briggs failed to seek a stay, and the underlying bankruptcy ended. In that case, the trustee filed a motion to dismiss due to mootness while an appeal was pending before the BAP. The BAP granted the motion to dismiss, and a panel of our court affirmed the BAP's dismissal order. In re Smith, No. 05-4467, 2006 WL 3627147 at *1 (8th Cir. Dec. 14, 2006) ("Smith"). There, Briggs argued that the motion to dismiss should be denied because his case was capable of repetition yet evading review and because it was conceivable that the BAP could order the debtor to pay Briggs's fee. Our court stated, "We conclude that, because reversal of the

bankruptcy court's denial of attorney's fees would have been inequitable and impracticable at that time, the BAP did not err in dismissing Briggs's appeal as moot." Id. We noted that mootness in the bankruptcy setting "'involves equitable considerations'" and a case may be deemed moot if relief is conceivable but would be inequitable to the debtor. Id. (quoting In re Little, 253 B.R. 427, 430 (B.A.P. 8th Cir. 2000)). We also noted that a case is not considered to be capable of repetition yet evading review where a timely motion for a stay could have preserved the appeal. Id.; Iowa Prot. & Advocacy Servs. v. Tanager, Inc., 427 F.3d 541, 544 (8th Cir. 2005).

In resistance to the present motion, Briggs repeats his argument that his case presents issues that are capable of repetition yet evade review. We reject this argument because a timely motion for a stay could have preserved his appeal. Iowa Prot. & Advocacy Servs., 427 F.3d at 544. He also argues that he will suffer collateral consequences if the bankruptcy court's sanction order is not reversed, and he urges us to view these collateral consequences as sufficient to avoid a dismissal for mootness. He describes the collateral consequences the sanction will have as a detrimental effect on his bankruptcy practice and discipline regarding his Missouri law license. He notes that the underlying issues concerning sanctions against him were not addressed in Smith. He also notes that in a prior referral to the Missouri Office of Chief Disciplinary Counsel, that body took the position that he is bound by the final ruling of the bankruptcy court. As such, that body will not allow him to relitigate the merits of the ethical controversies that underlie the bankruptcy court's sanctions order.

In support of his collateral consequences argument, Briggs cites Sibron v. New York, 392 U.S. 40, 57 (1968). In Sibron, the Court held that a criminal case did not become moot after a convicted defendant served his entire sentence. Id. The Court proceeded to address the merits of the defendant's appeal because a criminal conviction carries consequences in addition to the time served in prison. The present case bears no relationship to Sibron. Even if we were to find that the collateral

consequences theory addressed in <u>Sibron</u> could apply in the context of a sanction order against an attorney in a civil proceeding, Briggs would not be entitled to relief. He alone was responsible for failing to preserve his appeal by seeking a stay. Just as we do not consider his case to be capable of repetition yet evading review, we do not consider the possible collateral consequences he faces to be recognizable exceptions to rule of equitable mootness applied in <u>Smith</u>.

The appeal is dismissed.

———————————————————