# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2548

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Asset Based Resource Group, LLC, | * | |
| as successor servicer to Acorn Capital | * | |
| Group, LLC, | * | |
| | * | |
| Creditor - Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| Thomas Joseph Petters, doing business | * | District of Minnesota. |
| as Petters Company, Inc., doing | * | |
| business as Petters Group Worldwide, | * | [PUBLISHED] |
| LLC, doing business as PCI; Deanna | * | |
| Coleman, also known as Deanna | * | |
| Munson; Robert White; James | * | |
| Wehmhoff; Larry Reynolds, doing | * | |
| business as Nationwide International | * | |
| Resources, also known as NIR; Michael | * | |
| Catain, doing business as Enchanted | * | |
| Family Buying Company; Frank E. | * | |
| Vennes, Jr., doing business as Metro | * | |
| Gem Finance, doing business as Metro | * | |
| Gem Inc., doing business as Grace | * | |
| Offerings of Florida LLC, doing | * | |
| business as Metro Property | * | |
| Financing, LLC, doing business as | * | |
| 38 E. Robinson, LLC, doing business | * | |
| as 55 E. Pine, LLC, doing business as | * | |
| Orlando Rental Pool, LLC, doing | * | |
| business as 100 Pine Street Property, | * | |

LLC, doing business as Orange Street   *
Tower, LLC, doing business as   *
Cornerstone Rental Pool, LLC, doing   *
business as 2 South Orange Avenue,   *
LLC, doing business as Hope   *
Commons, LLC, doing business as   *
Metro Gold, Inc.,   *
  *
    Defendants - Appellees,   *
  *
Allen J. Munson,   *
  *
    Movant - Appellee,   *
  *
Minnwest Bank M.V.; Minnwest Bank   *
Metro,   *
  *
    Intervenors - Appellees,   *
  *
Douglas Arthur Kelley,   *
  *
    Receiver - Appellee,   *
  *
Gary Hansen,   *
  *
    Receiver - Appellee.   *

_____

Submitted: May 11, 2010
Filed: July 16, 2010

_____

Before WOLLMAN, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Petters Aircraft Leasing, LLC, acquired two airplanes from C.I.T. Leasing Corporation in the summer of 2007. PAL borrowed $21.5 million from Acorn Capital Group, LLC, for the down payments. In October 2008, Douglas Arthur Kelley was appointed receiver of PAL (and other assets of Thomas Joseph Petters). *See* 18 U.S.C. § 1354. The district court[1] approved a foreclosure agreement between PAL and CIT. The agreement has been carried out; CIT has leased the planes to third parties.

Acorn – through its successor, Asset Based Resource Group, LLC – contends the district court abused its discretion by approving the foreclosure agreement. Acorn urges this court to either unwind the foreclosure and subsequent leases of the planes, or enter a $13 million judgment against CIT (for the value of CIT's alleged unlawful windfall). Because Acorn did not move to stay the sale pending appeal, the appeal is moot.

"Federal courts are not empowered to give opinions on moot questions or declare rules of law which cannot affect the matter in issue in the case before it." *Jefferson Co. v. Halverson (In re Paulson)*, 276 F.3d 389, 392 (8th Cir. 2002). "Once foreclosed property is sold to a bona fide third-party purchaser, a court generally lacks the power to craft an adequate remedy for the debtor." *United States v. Fitzgerald*, 109 F.3d 1339, 1342 (8th Cir. 1997), *citing Roller v. Worthen Nat'l Bank (In re Roller)*, 999 F.2d 346, 347 (8th Cir. 1993); *Van Iperen v. Prod. Credit Ass'n (In re Van Iperen)*, 819 F.2d 189, 191 (8th Cir. 1987) (per curiam).

---

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

In *Fitzgerald*, Gerald and Geraldine Fitzgerald obtained government loans secured by mortgages. *See* 7 U.S.C. § 6932. When the Fitzgeralds defaulted, the government began foreclosure proceedings. The district court ultimately granted summary judgment to the government, entered a decree of sale, and the land was sold to a third party. *Fitzgerald*, 109 F.3d at 1341. On appeal, this court refused to set aside the sale, noting that the Fitzgeralds "not only failed to obtain a stay following summary judgment, but indeed waited until after two decrees of sale, the notice of sale, the actual sale, and the order confirming sale before they even moved for a stay." *Id.* at 1342. Here, Acorn never moved for a stay. *See also In re Van Iperen*, 819 F.2d at 190-91; *United States v. Alder Creek Water Co.*, 823 F.2d 343, 345 (9th Cir. 1987) (holding "defendants' challenges to the validity of the receivership, sale of the assets, [and] subsequent disbursement of funds" were moot: the defendants did not seek or obtain stays, and there was "no reasonable way to undo the sales transaction and its many consequences . . . ."); *McFarland v. Winnebago South, Inc.*, 2004 WL 1918813, at *1 (8th Cir. 2004) (unpublished) (per curiam) (holding, in a receivership, that the "appeal from the order declining to withhold distribution of the sale assets is moot, because the receiver has already distributed the assets.").[2]

---

[2]This court has consistently applied this principle in the bankruptcy context. *See Nieters v. Sevcik (In re Rodriquez)*, 258 F.3d 757, 759 (8th Cir. 2001) (per curiam) ("In bankruptcy appeals, the 'finality rule' within 11 U.S.C. § 363 (1994) prevents the overturning of a completed sale to a good-faith purchaser in the absence of a stay."); *Official Comm. of Unsecured Creditors v. Trism, Inc. (In re Trism, Inc.)*, 328 F.3d 1003, 1006 (8th Cir. 2003) ("Section 363(m) protects the reasonable expectations of good faith third-party purchasers by preventing the overturning of a completed sale, absent a stay, and it safeguards the finality of the bankruptcy sale."); *In re Paulson*, 276 F.3d at 392 ("[S]ales in bankruptcy cases are not subject to modification by an appellate court unless the appellant receives a stay pending appeal."), *quoting In re Rodriquez*, 258 F.3d at 759. Acorn, relying on *Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)*, 391 B.R. 25 (B.A.P. 9th Cir. 2008), contends that section 363(m) moots only appeals challenging transfers of title, not appeals challenging other aspects of court-approved sales. This distinction is not persuasive. *See Official Comm. of Unsecured Creditors v. Anderson Senior Living Prop., LLC (In re Nashville*

Acorn seeks to distinguish this authority by asserting that CIT is not a good-faith purchaser. Acorn agrees that the two airplanes were sold at fair market value. Acorn, however, alleges collusion between CIT and the Receiver. The district court found otherwise:

> The Foreclosure Agreement was negotiated, proposed and entered into by the Receiver, PAL and CIT without collusion, in good faith, and after arms-length and lengthy bargaining between the parties.

This finding was not clearly erroneous. *See Meeks v. Red River Entm't (In re Armstrong)*, 285 F.3d 1092, 1096 (8th Cir. 2002) ("A finding of good faith is primarily a factual determination, which [the appeals court] reviews for clear error."). Because the planes were sold to a good-faith purchaser, this court lacks the power to unwind the sale. *See Fitzgerald*, 109 F.3d at 1342 ("Once foreclosed property is sold to a bona fide third-party purchaser, a court generally lacks the power to craft an adequate remedy for the debtor.").

Acorn argues that this court may craft an adequate remedy by entering a $13 million judgment against CIT (for the value of CIT's alleged unlawful windfall) – or remanding with instructions to the district court to order the receiver to seek disgorgement and restitution from CIT. But CIT is not a party to this suit. *See, e.g., Taylor v. Sturgell*, 553 U.S. 880, ___, 128 S. Ct. 2161, 2166-67 (2008) ("It is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process."), *quoting*

_____

*Senior Living, LLC)*, 407 B.R. 222, 231 (B.A.P. 6th Cir. 2009) ("*Clear Channel* appears to be an aberration in well-settled bankruptcy jurisprudence applying § 363(m) to the 'free and clear' aspect of a sale under § 363(f).").

*Hansberry v. Lee*, 311 U.S. 32, 40 (1940).  Acorn does not explain how this court could enter a judgment against CIT (or direct the receiver to seek such a judgment remedy).

This court lacks authority to grant effective relief.  *See In re Paulson*, 276 F.3d at 392-93.  The appeal is dismissed as moot.

_____