*This opinion is subject to revision before final publication in the Pacific Reporter*

**2017 UT 55**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

TRANSPORTATION ALLIANCE BANK, BANK OF AMERICAN FORK, and
MRS. FIELDS CONFECTIONS, LLC,[1]
*Appellees,*

*v.*

INTERNATIONAL CONFECTIONS COMPANY, LLC, NG ACQUISITION, LLC,
and MICHAEL D. RYAN,
*Appellants.*

No. 20150784
Filed August 29, 2017

On Direct Appeal

Third District Court, Salt Lake
The Honorable Laura S. Scott
No. 140907314

Attorneys:

Steven C. Strong, Bradley M. Strassberg, Salt Lake City, for appellee
Mrs. Fields Confections, LLC

Adelaide Maudsley, Justin W Starr, Salt Lake City, for appellee Bank
of American Fork

Douglas J. Payne, Salt Lake City, for appellee Arcadia Holdings, LLC

D. Craig Parry, Joseph M.R. Covey, Salt Lake City, for appellees
Wasatch Peak Holdings, LLC and Dynamic Confections, Inc.

Karra J. Porter, Salt Lake City, Rex H. Elliott, Barton R. Keyes,
Columbus, Ohio, for appellants

ASSOCIATE CHIEF JUSTICE LEE authored the opinion of the Court, in
which CHIEF JUSTICE DURRANT, JUSTICE HIMONAS, JUDGE ORME, and
JUSTICE PEARCE joined.

---

[1] Additional appellees include Arcadia Holdings, LLC, Wasatch
Peak Holdings, LLC, and Dynamic Confections, Inc.

Having recused themselves, JUSTICE DURHAM does not participate herein; COURT OF APPEALS JUDGE GREGORY K. ORME sat.

———————

ASSOCIATE CHIEF JUSTICE LEE, opinion of the Court:

¶1    International Confections Company, LLC asks us to set aside a district court order approving a receivership sale of its assets to a third party. We dismiss the appeal as moot because there is no relief requested that this court has the power to grant.

I

¶2    In October 2014, Transportation Alliance Bank (T.A.B.) filed a verified complaint in the Third District Court. T.A.B.'s complaint alleged that International Confections Company, LLC; NG Acquisition, LLC; and Michael D. Ryan had breached a loan agreement and related payment guarantee with T.A.B. T.A.B. also sought the appointment of a receiver to manage International Confections' assets, as provided in the loan agreement.

¶3    After T.A.B. filed its complaint, several of International Confections' other creditors—including Bank of American Fork—moved to intervene in the case. Thereafter, International Confections stipulated to these other creditors' intervention, even though the intervenors had not filed a formal pleading accompanying their motions to intervene as required by rule 24 of the Utah Rules of Civil Procedure. The next day, the district court entered an order granting the creditors' motion to intervene.

¶4    The district court appointed a receiver in November 2014. In so doing, the court directed the receiver to "immediately have and take possession, custody, and control of the business and all of the assets of" International Confections. It also gave the receiver authority to "sell, transfer, and liquidate the [a]ssets."

¶5    T.A.B. thereafter settled its claims against International Confections. And it then filed a notice of voluntary dismissal under civil rule 41(a)(1)—just eleven days after the receiver's appointment. Bank of American Fork filed an objection to the notice of dismissal. It asserted that rule 41(a) does not allow dismissal where a receiver has been appointed and where additional creditors have intervened.

¶6    At a hearing on the dismissal notice, International Confections stipulated that the intervening creditors could continue the suit without T.A.B. It also stipulated that the receiver would remain in place and could sell the company's assets. At the same hearing, the district court asked International Confections' counsel

how the stipulation would affect the dismissal notice and the intervenors' causes of action. Counsel responded, "I think that we would stipulate . . . that the case is dismissed . . . with respect to the causes of action filed by T.A.B. We would agree that for purposes of the receivership the case can remain open as to the other intervening creditors." Thereafter, on December 11, 2014, the district court entered an order (approved by International Confections) that the "case shall remain pending" and that the receivership order would "remain[] in full force and effect."

¶7    On December 17, 2014, the receiver accepted an offer from Mrs. Fields Confections, LLC to buy International Confections' assets. The receiver signed an asset purchase agreement on behalf of International Confections, subject to court approval, and filed an expedited motion for an order of sale of receivership assets.[2] The notice of hearing that accompanied the expedited motion directed that any objections be filed by December 22, 2014 (the day before the hearing). And on the same day the receiver's counsel filed the expedited motion, International Confections' counsel filed a notice attempting to withdraw as counsel.

¶8    The district court held a hearing on the expedited motion for an order of sale on December 23, 2014. No representative or attorney attended on International Confections' behalf— International Confections was unrepresented at the time.[3] But the court proceeded with the hearing on the belief that International Confections was aware of the hearing and had chosen not to attend.

---

[2] At the hearing, the receiver explained the need for haste:

> [W]e have a little bit of a melting ice cube issue here. The inventory is aging. It's seasonal. Employees are out of work. There's a concern that to get the most value from this company we do need to strike quickly to preserve the possibility of the employees coming back to work for the purchaser and the assets becoming productive once again.

[3] The parties disagree on whether International Confections knew about the hearing. T.A.B. says that International Confections' counsel "continued to receive electronic notice of all pending motions and hearings as required by the rules." International Confections argues that they had no notice of the hearing or the sale pursuant to the purchase agreement. We need not resolve their disagreement, because the case is now moot.

After the hearing the court entered an order granting the expedited motion and approving the asset sale to Mrs. Fields.

¶9    The purchase agreement included a provision releasing Mrs. Fields "and its employees, officers, directors, members, affiliates, and agents" from "any and all claims" that International Confections might have. Mrs. Fields paid the $2.15 million purchase price pursuant to this agreement. Mrs. Fields then received and began utilizing the purchased assets.

¶10    The district court approved the receiver's accounting and discharged the receiver on January 23, 2015. A few weeks later, International Confections filed a complaint against Mrs. Fields Franchising (an affiliate of Mrs. Fields, the asset purchaser) in federal court. The complaint alleged that Mrs. Fields Franchising had unlawfully terminated a licensing agreement with International Confections. In response, Mrs. Fields Franchising asserted that the asset purchase agreement's release provision barred International Confections' lawsuit. International Confections voluntarily dismissed the federal complaint without prejudice.

¶11    Thereafter, International Confections returned to the Third District Court. It filed a motion for relief from judgment under rule 60 of the Utah Rules of Civil Procedure. In that motion International Confections asked the district court to "reactivate the case and allow [International Confections] to file objections to the [r]eceiver's December 18, 2014 [e]xpedited [m]otion." The district court denied that motion. International Confections then filed this appeal.

II

¶12    International Confections asks us to reverse the district court's denial of its rule 60 motion on three grounds. First International Confections claims that T.A.B.'s notice of voluntary dismissal deprived the district court of jurisdiction over any subsequent proceedings—thus voiding any further proceedings. Second it asserts that the court should have granted relief pursuant to rule 60 because of alleged irregularities in the notice of withdrawal. Finally it argues that its failure to object to the sale order amounted to "excusable neglect" under rule 60(b)(1).

¶13    We do not address the merits of these arguments. Instead we conclude that this case has become moot. And we dismiss it on that basis.

A

¶14    The mootness doctrine "is not a simple matter of judicial convenience" or an "ascetic act of discretion." *Utah Transit Auth. v. Local 382 of Amalgamated Transit Union*, 2012 UT 75, ¶ 18, 289 P.3d 582. It is a constitutional principle limiting our exercise of "judicial power" under article VIII of the Utah Constitution. *See id.* ¶¶ 21–24.

¶15    A case may be mooted on appeal if "the relief requested" is rendered "impossible or of no legal effect." *In re Adoption of L.O.*, 2012 UT 23, ¶ 8, 282 P.3d 977 (citation omitted). In that event the case is moot because "anything we might say about the issues would be purely advisory." *Utah Transit Auth.*, 2012 UT 75, ¶ 15. And in "the absence of a justiciable controversy" the court lacks the power to issue a decision. *Id.* ¶ 19 (citation omitted) (internal quotation marks omitted).

¶16    This form of mootness can arise as to a suit aimed at preventing the sale of land or other property. Such a suit is rendered moot if the lower court refuses to enjoin the sale, the plaintiff fails to seek a stay or other means of preventing the legal conveyance of the property, and the property is sold to a third party while the case is pending on appeal.[4] In such circumstances the appellate court is "without power to grant any relief" to a plaintiff who allows a third party to acquire rights in disputed property without protecting itself by taking steps to "stay the operation of the [lower court's]

---

[4] *See Richards v. Baum*, 914 P.2d 719, 720 & n.1 (Utah 1996) (suit seeking decree requiring defendants to perform contract to sell real property rendered moot when the property was sold to a third party while the case was pending on appeal and there was no evidence that plaintiffs "took any steps to prevent the [defendants] from legally conveying the disputed land to a third party"); *Kellch v. Westland Minerals Corp.*, 484 P.2d 726, 726 (Utah 1971) (suit for writ of mandamus to require corporation to issue free trading stock rather than investment stock rendered moot when the stock was sold while the case was pending on appeal and "[n]o steps were taken by the defendants to stay the operation of the judgment, nor did they supply a supersedeas bond"); *United States v. Asset Based Res. Grp., LLC*, 612 F.3d 1017, 1018–19 (8th Cir. 2010) ("Because [the company] did not move to stay the sale pending appeal, the appeal is moot. . . . 'Once foreclosed property is sold to a bona fide third-party purchaser, a court generally lacks the power to craft an adequate remedy for the debtor.'") (citation omitted).

judgment." *Kellch v. Westland Minerals Corp.*, 484 P.2d 726, 726 (Utah 1971).

¶17  That conclusion is appropriate here. The order that is challenged on appeal is the December 23, 2014 order approving the terms of the receivership sale to Mrs. Fields. But International Confections made no attempt to stay the operation of that order. And it thereby allowed Mrs. Fields to acquire the property in question in reliance on the (unstayed) order. That leaves this court "without power to grant any relief" from the order, *id.*, thus mooting the case on appeal.

B

¶18  International Confections offers two grounds for avoiding our conclusion that the case is moot. But we find neither persuasive.

¶19  International Confections first explains that it is not asking to "recover the property sold by the receiver," but only to "enforce . . . legal rights . . . in the [l]icense [a]greement with Mrs. Fields Franchising." In support of this argument International Confections points to the affidavit of Michael Ryan. The Ryan affidavit asserts that International Confections does not intend to "exercise any rights [it] may have to reclaim the purchased assets," but "only to pursue legal remedies against Mrs. Fields entities arising out of the unlawful termination of" a separate licensing agreement. But this is beside the point. The point of the rule 60 motion was to rescind or reform the purchase agreement approved by the district court. And we have no power to undo that agreement for reasons noted above.

¶20 Our decision in *Franklin Financial v. New Empire Development Co.*, 659 P.2d 1040 (Utah 1983) is unhelpful to International Confections. There we refused to dismiss a case on mootness grounds because the appellants were not seeking "to prevent the sale, but [only] to establish their right to a share of the sale proceeds." *Id.* at 1043. A decision establishing a right to a share of sale proceeds does not involve reforming or rescinding the original contract under which the sale occurred. International Confections' claim, on the other hand, can succeed only if we allow it (at the very least) to strike the release provision from the purchase agreement, or to void the purchase agreement entirely. Since International Confections failed to seek a stay and the sale was finalized, we have no authority to grant that relief on this appeal.

¶21 International Confections also challenges the district court's subject-matter jurisdiction. International Confections notes that T.A.B. filed a notice of voluntary dismissal prior to any of the proceedings that ultimately resulted in the receiver sale and purchase agreement. And because civil rule 41 provides that "an action may be dismissed by the plaintiff without order of court" by the filing of a voluntary notice of dismissal, UTAH R. CIV. P. 41(a)(1)(A)(i),[5] International Confections claims that the notice of dismissal terminated the case and deprived the district court of jurisdiction for any further proceedings.

¶22 We reject this argument without reaching its merits. We decline to decide whether the district court lacked jurisdiction because we conclude that we lack jurisdiction to decide this appeal. Mootness, as noted, goes to our judicial power to decide the case on appeal. And the jurisdictional defect in International Confections' case on appeal forecloses the need for us to decide whether the notice of dismissal may have voided the proceedings in the district court.

### III

¶23 International Confections had an opportunity to protect its interests by seeking a stay of the district court's sale order. When it failed to do so a third party entered into a binding purchase agreement and acquired the assets at issue. In these circumstances we lack the judicial power to turn back the clock to allow International Confections to renegotiate or undo the terms of the purchase agreement. For that reason we dismiss the appeal on mootness grounds.

---

[5] This rule was amended after briefing was complete. But we analyze the rule as of the time the notice of dismissal was filed.